Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.737.2222

Mitchell G. Stockwell (*pro hac vice* pending)
mstockwell@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

Matias Ferrario (*pro hac vice* pending)
mferrario@kilpatricktownsend.com
Michael T. Morlock (*pro hac vice* pending)
mmorlock@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: 336.607.7300
Facsimile: 336.607.7500

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, a Delaware corporation; and **ADIDAS AG**, a foreign entity,<br><br>Plaintiffs,<br><br>v.<br><br>**SKECHERS USA, INC.**, a Delaware corporation,<br><br>Defendant. | No. ____________<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Plaintiffs adidas AG and adidas America, Inc. (collectively, "Plaintiffs" or "adidas") allege as follows:

## NATURE OF ACTION

1. This is an action under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, for infringement by Defendant Skechers USA, Inc. ("Defendant" or "Skechers") of patents owned by adidas.

## THE PARTIES

2. Plaintiff adidas AG is a corporation organized under the laws of the Federal Republic of Germany, with its principal place of business at Adi-Dassler-Strasse 1, 91074 Herzogenaurach, Germany.

3. Plaintiff adidas America, Inc. ("adidas America") is a corporation organized under the laws of Delaware, with its principal place of business at 5055 North Greeley Avenue, Portland, OR, 97217-3524 USA.

4. Defendant Skechers is a corporation organized under the laws of the State of Delaware, with its principal place of business in the United States located at 228 Manhattan Beach Blvd., Manhattan Beach, CA, 90266 USA.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant conducts substantial business in the state of Oregon, including (1) committing at least a portion of the infringing acts alleged herein and (2) regularly transacting business, soliciting business, and deriving revenue from the sale of goods, including



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

infringing goods, to individuals in the state of Oregon. Thus, Defendant has purposefully availed itself of the benefits of the state of Oregon, and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in the District of Oregon pursuant to 28 U.S.C. §§ 1391 and 1400.

## ADIDAS'S INVENTIONS AND THE PATENTS-IN-SUIT

8. adidas AG is the owner by assignment of United States Patent No. 9,339,079 ("the '079 patent"), including the right to sue for past damages. The '079 patent was duly and legally issued by the United States Patent and Trademark Office (the "U.S. Patent Office") on May 17, 2016, is active, and is entitled "Shoe and Sole." A true and correct copy of the '079 patent is attached hereto as **Exhibit A**.

9. adidas AG is the owner by assignment of United States Patent No. 9,345,285 ("the '285 patent"), including the right to sue for past damages. The '285 patent was duly and legally issued by the U.S. Patent Office on May 24, 2016, is active, and is entitled "Shoe and Sole." A true and correct copy of the '285 patent is attached hereto as **Exhibit B**.

10. adidas America is an exclusive licensee in the United States under the '079 and '285 patents (collectively, the "patents-in-suit"). adidas America sells in the United States one or more products, including the adidas Springblade shoes that practice the patents-in-suit.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222




11. In June, 2013, adidas introduced its "Springblade" shoe, which was "the first running shoe with individually tuned blades engineered to help propel runners forward with one of the most effective energy returns in the industry." *See* attached **Exhibit C** (adidas press release, reprinted from http://news.adidas.com/US/Latest-News/adidas-Unleashes-Explosive-Energy-with-Springblade/s/c34df218-f3de-43b4-8210-414ab5026df8). adidas's Springblade shoe represented a significant investment and innovation. adidas's innovation team created the shoe with multiple "angled blades made out of a high-tech polymer," which was the result of testing many materials. *See* Exhibit C. An exemplary photograph of adidas's Springblade shoe, reproduced from Exhibit C, is shown above.

12. Public reviews of adidas's Springblade shoe identified it "[a]s one of the most innovative running shoes to hit the market in recent years," with "high energy return" and excellent comfort. *See* attached **Exhibit D** (reprinted from http://hypebeast.com/2013/8/the-review-adidas-springblade). In a review by the Wall Street Journal's Michael Hsu, it was reported that adidas's Springblade shoe was "unique [because] they don't return energy vertically; they return it horizontally," and "that the sneakers provide a subtle but startling sense of buoyancy, even when you're walking." *See* attached **Exhibit E** (reprinted from http://www.wsj.com/articles/SB10001424127887323394504578608351706011958).



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

13. Since the launch of adidas's first Springblade shoe, adidas has continued to incorporate the Springblade technology into additional shoe designs. For example, in February, 2015, adidas launched the Springblade Ignite shoe, which also incorporates Springblade technology, as depicted in the photo of a Springblade Ignite shoe reproduced below:



**DEFENDANT'S COPYING OF ADIDAS'S SPRINGBLADE TECHNOLOGY**

14. Defendant makes, uses, imports, sells, or offers for sale shoes such as all colors and versions of the Mega Flex, including the Mega Blade 2.0 ("Mega Blade 2.0") and the Mega Blade 3.0 ("Mega Blade 3.0").

15. On information and belief, Defendant copied adidas's Springblade technology in creating the Mega Flex, including the Mega Blade 2.0 and Mega Blade 3.0.

16. A visual comparison of the Mega Blade 2.0, as shown in the photo below reproduced from http://www.overstock.com/Clothing-Shoes/Boys-Skechers-Mega-Flex-Mega-Blade-2.0-Sneaker-Black-Silver/10316709/product.html, with adidas's Springblade shoe, as shown in the photo below reproduced from http://www.sneakerfreaker.com/sneakers/adidas-springblade, shows Defendant's copying:



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222






Mega Blade 2.0 Springblade

17. A visual comparison of the Mega Blade 3.0, as shown in the photo below reproduced from https://www.skechers.com/en-us/style/95582/mega-flex-mega-blade-3-0/bklm, with adidas's Springblade Ignite shoe, as shown in the photo below reproduced from http://www.finishline.com/store/product?A=5880&categoryId=cat302708&productId=prod790516, shows Defendant's copying:






Mega Blade 3.0 Springblade Ignite



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

18. Public reports show that the industry and consumers recognize that Defendant copied the design and features of adidas's Springblade shoes in Defendant's creation of the Mega Flex, including the Mega Blade shoes. For example, a report by Riley Jones, an author specializing in sneakers and style, stated that: "Currently in stock on the Skechers website are a variety of boys' 'Mega Flex' sneakers which, even from an outsider's perspective, look exactly like the adidas Springblade technology. Everything from the angle of the blades to the material used looks identical to the adidas version, so much so that we can't help but wonder if the parts may have originated from the same factory." *See* attached **Exhibit F** (reprinted from http://www.complex.com/sneakers/2015/09/skechers-ripping-off-adidas).

19. As another example, on July 10, 2015, Skechers released a promotional video on YouTube titled "Skechers Kids-Mega Blade Commercial," which video was intended to promote the Mega Flex shoes and is reflected in the attached **Exhibit G** (reprinted from https://www.youtube.com/watch?v=uvE2rEMBf2U). Multiple public comments from viewers of the video again demonstrate public recognition of Defendant's copying. Those comments included the following statements: "stop copying other shoe brands adidas made those shoes first," "Ya it's copying Adidas," "aside from the fact that adidas already made these shoes," and "**cough** the maze runner **cough** Adidas **cough**." *See* Exhibit G (emphasis in original).

20. Skechers itself has publicly acknowledged that its strategy includes marketing and selling shoes developed without incurring research and development costs. Attached as **Exhibit H** are true and correct excerpts of Skechers Form 10-K filed with the U.S. Securities and Exchange Commission. At page 5, Skechers identifies its "Skechers Kids" line as including the Mega Flex line, which it described as "a line of athletic sneakers for boys based on a robot character. Styles include fun embellishments like heel springs or an articulated bladed outsole in



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

the Mega Blades collection." Skechers Form 10-K further states that its "Kids lines are comprised primarily of shoes that are designed as 'takedowns' of their adult counterparts, allowing the younger consumers the opportunity to wear the same popular styles as their older siblings and schoolmates. This 'takedown' strategy maintains the product's integrity by offering premium leathers, hardware and outsoles without the costs involved in designing and developing new products." *Id*.

21. Skechers, however, has no adult line that correlates to the Mega Flex or Mega Blades collection and, instead, has developed and marketed the Mega Flex or Mega Blade shoes as "takedowns" that copy adidas's Springblade technology without Skechers having to incur the concomitant research and development costs.

**DEFENDANT'S KNOWING INFRINGEMENT OF ADIDAS'S PATENT RIGHTS**

22. The patents-in-suit in this case issued from applications that were published before the patents themselves issued. For example, as reflected in Exhibits A and B, the application for the '285 patent was published on June 16, 2011 and the application for the '079 patent was published on March 3, 2016. The inventions as claimed in the published applications for the '285 and '079 patents are substantially the same as the inventions claimed in the patents-in-suit. Further, after publication of a patent application, the claims made therein, as well as any further changes thereto, are available to the public to review.

23. Defendant accordingly had access to the details of adidas's published applications for the patents-in-suit and the claims made therein even before issuance of the patents-in-suit.

24. adidas launched its commercial implementations of the patents-in-suit in the form of its Springblade and Springblade Ignite shoes before Defendant launched its accused Mega Blade shoes. On information and belief, Defendant had access to, and in fact copied, the features



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

of adidas's Springblade shoes. As reflected in Exhibit F, the YouTube video Defendant offered on its Mega Blade product generated multiple comments, reflecting public perception that Defendant had copied adidas. On information and belief, Defendant was aware of such public perception of copying by Defendant.

25. Defendant was aware of the commercial implementations of adidas's patented technology given the earlier launch of Springblade shoes by adidas, as well as Defendant's knowledge of its own copying and public recognition of Defendant's copying of adidas's Springblade technology. The press release adidas issued on launch of the Springblade confirmed adidas's substantial investment in research and development leading to the Springblade technology. Defendant was aware of the substantial resources necessary to develop Springblade technology and Defendant was, or at least should have been, aware that adidas actively protects its innovations, like Springblade, by seeking to obtain appropriate patent protection.

26. On information and belief, Defendant or its agents did, in fact, access published applications leading to the patents-in-suit and/or the prosecution histories of such published applications. Defendant was, before the filing of this Complaint, accordingly aware of the scope of patent protection adidas was seeking and was to be awarded by the U.S. Patent Office for adidas's Springblade technology.

27. To the extent Defendant denies any prior knowledge of adidas's patents-in-suit or the published applications for adidas's patents-in-suit, Defendant's copying of adidas's Springblade technology, the public recognition of Defendant's copying, Defendant's knowledge of adidas's investment in the Springblade technology, and Defendant's knowledge that adidas would protect such investments by seeking patent protection, should have compelled Defendant to have conducted a patent search seeking to identify adidas's patent rights. To the extent



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Defendant failed to conduct such a patent search and nonetheless chose to release infringing Mega Blade shoes, Defendant acted with intentional and willful blindness to adidas's patent rights.

28. Review of the Mega Flex and Mega Blade shoes confirms that, in fact, Defendant has copied adidas's Springblade technology, including the inventions covered by the patents-in-suit.

29. Claim 26 of the '285 patent recites:

> A sole for an article of footwear, the sole comprising: a sole plate comprising a plurality of leaf springs disposed in a rearfoot area of the sole plate and a plurality of leaf springs disposed in a forefoot area of the sole plate, wherein each of the plurality of leaf springs has a connection end connected to the sole plate and an end not directly connected to the sole plate, and where all ends not directly connected to the sole plate point in substantially the same direction, and wherein two or more leaf springs come together integrally to form a single end not directly connected to the sole plate.

30. Comparison of the Mega Blade 2.0 with, for example, claim 26 of the '285 patent demonstrates that Defendant copied the patented features of adidas's Springblade technology.

31. The Mega Blade 2.0 is an article of footwear that has a sole with a sole plate with multiple leaf springs, as shown in the annotated photo below of Defendant's product. *See* attached **Exhibit I** (reprinted from https://www.skechers.com/en-us/style/95575/mega-flex-mega-blade-2-0-chrome-z/ccrd). As depicted below, there are two or more leaf springs located in the rearfoot area of the sole plate and two or more leaf springs located in the forefoot area of the sole plate. As also depicted below, each leaf spring has an end connected to the sole plate and a free end not directly connected to the sole plate, but which points in substantially the same direction as the ends of the other leaf springs. Finally, the rearmost two leaf springs in the Mega Blade 2.0 come together integrally to form a single end not directly connected to the sole plate.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222









32. Claim 12 of the ’079 patent recites the following:

> A sole for an article of footwear, the sole comprising: a sole plate comprising a plurality of leaf spring groups comprising two or more leaf springs, each leaf spring having a connection end connected to the sole plate and a free end not directly connected to the sole plate, wherein the free ends are oriented in substantially the same direction such that the free end of each leaf spring is disposed rearward of its connection end, and wherein at least two free ends in a leaf spring group are interconnected by a connection portion extending in a transverse direction from a lateral side of the sole plate to a medial side of the sole plate.

33. Comparison of the Mega Blade 3.0 with, for example, claim 12 of the ’079 patent again demonstrates that Defendant copied the patented features of adidas’s Springblade technology.

34. The Mega Blade 3.0 is an article of footwear comprising a sole and an upper. The sole of the Mega Blade 3.0 comprises sole plate comprising a plurality of leaf spring groups comprising two or more leaf springs, as depicted in the annotated photo below, which is an annotated version of a photo of Defendant’s product available on Defendant’s website. *See*



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

attached **Exhibit J** (reprinted from https://www.skechers.com/en-us/style/95582/mega-flex-mega-blade-3-0/bklm). As also shown below, each of the plurality of leaf springs has a connected end connected to the sole plate and a free end not directly connected to the sole plate, while all of the free ends point in substantially the same direction such that the free end of each leaf spring is disposed rearward of its connected end.




35. At least two free ends in a leaf spring group within the Mega Blade 3.0 are interconnected by a connection portion extending in a transverse direction from a lateral side of the sole plate to a medial side of the sole plate, as shown below in an annotated version of a photo of Defendant's product available on Defendant's website.




36. The rearmost two leaf springs in the Mega Blade 3.0 come together integrally to form a single end not directly connected to the sole plate.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222




37. The Mega Blade 2.0 and 3.0 are each especially designed, adapted, or configured to operate as described in the foregoing paragraphs of this Complaint.

**COUNT I**
**(Willful Infringement of United States Patent No. 9,339,079 by Skechers)**

38. adidas realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs.

39. The Mega Flex shoes, including the Mega Blade 2.0 and the Mega Blade 3.0, meet each of the elements of at least claim 12 of the ’079 patent.

40. Defendant directly infringes, literally or under the doctrine of equivalents, one or more claims of the ’079 patent by, without authority, making, using, importing, selling, or offering to sell the Mega Flex shoes, including the Mega Blade 2.0 and the Mega Blade 3.0, within the United States, in violation of 35 U.S.C. § 271(a).

41. On information and belief, Defendant had knowledge of the ’079 patent or, at minimum, acted in willful blindness to the existence of the ’079 patent in view of Defendant’s intentional copying of adidas’s Springblade technology. Defendant’s promotion, marketing and sale of the infringing Mega Flex shoes, including the Mega Blade 2.0 and the Mega Blade 3.0, has induced infringement of the ’079 patent by at least retailers and consumers within the United States, in violation of 35 U.S.C. § 271(b).



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

42. Despite having knowledge of the ’079 patent or having sufficient facts and access to acquire such knowledge, Defendant has intentionally and willfully infringed by continuing to make, use and sell the infringing Mega Flex shoes, including the Mega Blade 2.0 and Mega Blade 3.0 shoes.

43. adidas has been and continues to be injured by Defendant’s infringement of the ’079 patent. adidas is entitled to recover damages adequate to compensate it for Defendant’s infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

44. Unless enjoined by this Court, Defendant’s acts of infringement will continue to damage adidas irreparably.

**COUNT II**
**(Willful Infringement of United States Patent No. 9,345,285 by Skechers)**

45. adidas realleges and incorporates herein by reference the allegations set forth in the foregoing paragraphs of this Complaint.

46. The Mega Blade 2.0 and Mega Blade 3.0 meet each of the elements of at least claim 26 of the ’285 patent.

47. Defendant directly infringes, literally or under the doctrine of equivalents, one or more claims of the ’285 patent by, without authority, making, using, importing, selling, or offering to sell the Mega Blade 2.0 and Mega Blade 3.0 within the United States, in violation of 35 U.S.C. § 271(a).

48. On information and belief, Defendant had knowledge of the ’285 patent or, at minimum, acted in willful blindness to the existence of the ’285 patent in view of Defendant’s intentional copying of adidas’s Springblade technology. Defendant’s promotion, marketing and sale of the infringing Mega Blade 2.0 and the Mega Blade 3.0 has induced infringement of the



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

’285 patent by at least retailers and consumers within the United States, in violation of 35 U.S.C. § 271(b).

49. Despite having knowledge of the ’285 patent or having sufficient facts and access to acquire such knowledge, Defendant has intentionally and willfully infringed by continuing to make, use and sell the Mega Blade 2.0 and Mega Blade 3.0 shoes.

50. adidas has been and continues to be injured by Defendant’s infringement of the ’285 patent. adidas is entitled to recover damages adequate to compensate it for Defendant’s infringing activities in an amount to be determined at trial, but in no event less than a reasonable royalty.

51. Unless enjoined by this Court, Defendant’s acts of infringement will continue to damage adidas irreparably.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

a. Enter a judgment that Defendant has infringed one or more claims of the ’079 patent and/or the ’285 patent;

b. Grant a permanent and preliminary injunction restraining and enjoining Defendant and its officers, directors, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, and attorneys from directly or indirectly infringing one or more of the patents-in-suit;

c. Award Plaintiffs damages in an amount sufficient to compensate adidas for Defendant’s infringement of the patents-in-suit, but not less than a reasonable royalty, together with interests and costs;

d. Award Plaintiffs treble damages for Defendant’s willful infringement;



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

e. Award prejudgment interest to adidas under 35 U.S.C. § 284; and

f. Grant such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

adidas respectfully demands a trial by jury on all claims and issues so triable.

DATED: July 11, 2016

**PERKINS COIE LLP**

By: s/ Stephen M. Feldman
Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Mitchell G. Stockwell (*pro hac vice* pending)
mstockwell@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

Matias Ferrario (*pro hac vice* pending)
mferrario@kilpatricktownsend.com
Michael T. Morlock (*pro hac vice* pending)
mmorlock@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone: 336.607.7300
Facsimile: 336.607.7500

Attorneys for Plaintiffs